**Dr. Donald D. CORBIN and Bonnie Sue Corbin, Appellants,**

v.

**UNITED STATES of America, Appellee.**

**No. 84–2330.**

United States Court of Appeals, Eighth Circuit.

Submitted April 9, 1985.

Decided April 26, 1985.

Michael M. Sayers, St. Louis, Mo., for appellant.

Bruce R. Ellisen, Washington, D.C., for appellee.

Before BRIGHT, McMILLIAN, and ARNOLD, Circuit Judges.

ARNOLD, Circuit Judge.

■ This is an action for refund of individual federal income taxes. The plaintiff, Dr. Donald D. Corbin, was employed by the Fox C-Six School District of Jefferson County, Missouri, an educational organization described in § 170(b)(1)(A)(ii) of the Internal Revenue Code. On May 18, 1982, the employer adopted a plan under which employees could agree to have their salary reduced, with the amount thus saved being contributed to a nontransferable, nonforfeitable special share account maintained by the Educational Employees' Credit Union (EECU), a state-chartered and state-regulated credit union in Missouri. Under § 403(b)(1), an educational organization operated by a political subdivision of a state may purchase an annuity contract for an employee, and, if the employee's rights under the contract are nonforfeitable "except for failure to pay future premiums," then amounts contributed by the employer for the annuity contract are excluded from the gross income of the employee. The question presented is whether an annuity must be purchased from an insurance company in order to qualify for this special treatment.

The District Court[1] held, in agreement with the government's contention, that annuities issued by entities other than insurance companies cannot qualify for § 403(b)(1) treatment, and we affirm. In *Acord v. United States*, 532 F.Supp. 22 (E.D.Mo.1981), another judge of the same District Court held for the taxpayer on this issue, but since that time the Internal Revenue Service has issued Rev.Rul. 82–102, 1982–1 C.B. 62, revoking prior rulings that had seemed to acquiesce in the extension to non-insurance-company-purchased annuities of the special benefits of § 403(b)(1). Revenue rulings are entitled to some defer-

ence. In addition, there is a specific reference in the statute to the word "premiums," indicating that Congress had in mind insurance-company-issued annuities at the time it first enacted the law in 1942. At that time, moreover, commercial annuities were apparently sold exclusively by insurance companies. Since then, Congress has twice amended § 403 (by adding §§ 403(b)(7) and 403(b)(9) ) in such a way as to indicate its understanding that the privilege conferred by paragraph (1) is limited to annuities purchased from insurance companies.

We agree in substance with the District Court's well-reasoned opinion, and therefore forego more detailed discussion.

■ The taxpayer also argues that it was an abuse of discretion for the Commissioner of Internal Revenue, when he issued Rev.Rul. 82–102, not to grant to taxpayer the benefit of retroactive relief granted to certain others. The ruling provides that it does not apply to contracts entered into by employers on or before May 17, 1982, the date the ruling was published, if the contract, but for the fact that it was not purchased from an insurance company, would have qualified under § 403(b) under the law as it had been declared in the *Acord* opinion. This exemption also applies to employees joining the plan after the date of the issuance of the revenue ruling, provided always that the plan itself must have been entered into beforehand. We see nothing arbitrary about the line thus drawn. The plan of which the taxpayer here is a member was adopted by his employer after the issuance of the revenue ruling. Application of the ruling to him is therefore entirely prospective.

Affirmed.

---

1. The Hon. John K. Regan, Senior United States District Judge for the Eastern District of Missouri. The District Court's opinion is reported at 595 F.Supp. 181 (E.D.Mo.1984).